UNITED STATES of America, Appellee,

v.

Anthony KING a/k/a Anthony McIntosh, Appellant.

No. 77–1811.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1978.

Decided March 30, 1978.

R. Christopher Thomas, Little Rock, Ark., filed brief for appellant.

W. H. Dillahunty, U. S. Atty., and Gene O'Daniel, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Anthony King appeals from a jury conviction[1] for interstate transportation of a motor vehicle, knowing it to be stolen, in violation of 18 U.S.C. § 2312 (1976). We affirm.

King was arrested on June 22, 1977, in Forrest City, Arkansas, and charged with possession of a 1974 Dodge van that had been stolen in Memphis, Tennessee, on June 8, 1977. King's defense at trial was that he did not know the van was stolen. He testified that he obtained the van in Forrest City from Anthony Laird, who gave him a bill of sale and a "pink slip." Laird allegedly told King that he had purchased the van in Arkansas with money won in a crap game.

Laird testified at King's trial as a government witness. In addition to testifying that he did not give King a pink slip for the van, he described three prior occasions on which he participated with King in stealing and stripping other vehicles. According to Laird, in 1976 he and King "hot-wired" a 1976 Mark IV in a Tupelo, Mississippi, parking lot and drove it to Memphis. Sometime later, Laird helped King and his brother strip two Buicks with Illinois license plates. Shortly before King's arrest, Laird went for a ride with King in a Lincoln Town Car; Laird asked King where he got "the wheels," and King responded, "You know what it is."

King argues on appeal that the trial court erred in admitting Laird's testimony regarding the other vehicles.

Evidence of other crimes or acts is admissible under Rule 404(b) of the Federal Rules

---

1. The Honorable Oren Harris, United States Senior District Judge, Eastern District of Arkansas, presiding.

of Evidence [2] to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Knowledge that the vehicle was stolen is an element of the section 2312 charge, and King's sole defense was lack of knowledge. Laird's testimony was relevant to this issue, for it demonstrated that King had stolen cars in the past and was familiar with methods of stealing and stripping vehicles.

Although relevant, evidence of other crimes must also pass the test of Rule 403,[3] which allows the trial court to exclude evidence if the danger of unfair prejudice outweighs its probative value. King argues that the inherent prejudicial nature of other crimes evidence required exclusion of Laird's testimony, which he characterizes as "vague and speculative" [4] and therefore of minimal probative value.

We find this argument unconvincing. Although Laird did not testify at great detail about the acts in question, his testimony was concrete and specific, not "vague and speculative." Moreover, the trial court diminished the danger of unfair prejudice by giving a full and timely instruction to the jury on the limited purpose for which they could consider Laird's testimony.

The trial court did not err in denying King's motion, and the judgment of conviction is affirmed.

---

**2.** Fed.R.Evid. 404 provides, in pertinent part:
*Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes*
(a) *Character evidence generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion * * *.
(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**3.** Fed.R.Evid. 403 reads:

*Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time*
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**4.** In *United States v. Maestas*, 554 F.2d 834, 837 n. 2 (8th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977), we commented, in discussing Rule 403, that "evidence which is vague and speculative is not competent proof and should not be admitted into evidence."