UNITED STATES of America, Appellee,

v.

Nancy Jean GOEHRING, Appellant.

No. 78–1270.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1978.

Decided Oct. 18, 1978.

---

Robert W. Pratt, Des Moines, Iowa, for appellant.

Kermit B. Anderson, Asst. U. S. Atty., Des Moines, Iowa, Rosanne Barton Conlin, U. S. Atty., Des Moines, Iowa, on brief, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Nancy Jean Goehring appeals from her jury-trial conviction on two counts of mailing threatening letters in violation of 18 U.S.C. § 876 (1976). The district court[1] suspended sentence and placed Goehring on probation for two three-year periods to run concurrently. On appeal Goehring asserts two grounds for reversal: (1) the district court improperly admitted evidence of other crimes she had committed; and (2) the district court erred in denying a new trial based upon newly discovered evidence. We reject these contentions and affirm.

On November 9, 1976, Officer Samuel Reaves, Jr., of the Grinnell, Iowa, Police Department, issued three speeding citations to Nancy Jean Goehring. Shortly thereafter he, his wife, and the police department began to receive numerous telephone calls in which the caller remained silent and either hung up or left the telephone off the hook. The calls to the Reaves family continued for almost a year. During that period Reaves and his wife also received two threatening letters, one postmarked March 7, 1977, and the other March 23, 1977. Both letters referred to Reaves as a "pig" and threatened a gruesome death for him and his family. Goehring's alleged mailings of these letters provided the basis for the two-count indictment brought against her.

The evidence at trial strongly linked Goehring to the two letters. A handwriting expert identified her as the author of the letters, and a friend, Payton Wayne Byers, testified that she had admitted sending one of them. Furthermore, the Government established that Goehring had made the anonymous telephone calls and had engaged in other efforts to harass Reaves and his wife, apparently in retaliation for the speeding citations.

I. *Evidence of Other Crimes.*

■ The district court permitted the Government to introduce evidence of Goehring's speeding citations and anonymous telephone calls. Under Rule 404(b) of the Federal Rules of Evidence,[2] such evidence of other crimes is not admissible to prove the bad character of the defendant but may be admissible for other purposes, such as proof of motive, identity, or plan. In the present case the evidence of other crimes easily meets this relevancy test. Goehring's speeding citations furnished proof of her motive for mailing the threatening letters, while her anonymous telephone calls indicated a plan of harassment that could include mailed threats. Moreover, by establishing Goehring's motive and plan, the other crimes were relevant as to the key question in the case, *viz.*, the identity of the person who mailed the letters.

An additional requirement imposed by this court in *United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974), is that the evidence be clear and convincing that the defendant committed the other crimes. *See also United States v. Drury,* 582 F.2d 1181 at 1184 (8th Cir. 1978); *United States v. Jardan,* 552 F.2d 216, 219 (8th Cir.), *cert. denied,* 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977); *United States v. Davis,* 551 F.2d 233, 234 (8th Cir.), *cert. denied,* 431 U.S. 923, 97 S.Ct. 2197, 53 L.Ed.2d 237

1. The Honorable William C. Hanson, United States Senior District Judge for the Southern District of Iowa, presiding.

2. Rule 404(b) reads as follows:
   (b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person

in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(1977); *United States v. Calvert*, 523 F.2d 895, 906–07 (8th Cir. 1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976). In *United States v. Maestas*, 554 F.2d 834, 837 n.2 (8th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977), we stated that evidence of other crimes must not be vague and speculative. *Accord, United States v. Peltier*, 585 F.2d 314 at 321 (8th Cir. 1978); *United States v. Jones*, 570 F.2d 765, 768 (8th Cir. 1978). Under these standards, the evidence of other crimes in this case is admissible, for it is indisputable that Goehring committed them. She pled guilty to the speeding citations, and a friend, Barbara Newhouse, testified that Goehring admitted making the harassing telephone calls. One of the calls was even traced to her telephone.

The final barrier to admissibility is Fed. R.Evid. 403,[3] which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Within the context of Rule 403, unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *See* Notes of Advisory Committee on Proposed Rules, Fed.R.Evid. 403, 28 U.S.C.A. Fed.R.Evid.

Here, a court would be hard pressed to rule that Goehring sustained harm to her case from the nature of the other crimes evidence, rather than from the probative force of the proof directly bearing upon the alleged crime at issue. Moreover, the district court admonished the jury to limit its consideration of the questioned evidence to appropriate and proper evidentiary purposes not bearing upon defendant's character. Such an instruction diminishes the danger of any unfair prejudice arising from the admission of evidence of other crimes. *United States v. King*, 572 F.2d 1274, 1275 (8th Cir. 1978).

The admission of evidence of other criminal conduct addresses itself in the first instance to the discretion of the trial court and reversal is mandated only where the standards for admissibility clearly have not been met. *United States v. Jardan, supra.* Here, the Government established relevancy and presented conclusive proof that Goehring committed the other crimes. In addition, the trial judge in the first instance determined that the probative value of the evidence was not outweighed by unfair prejudice. Giving due deference to that determination, *United States v. Peltier, supra* ; *United States v. Drury*, 582 F.2d 1181 at 1185 (8th Cir. 1978), we find no abuse of discretion in the admission of the evidence of other crimes.

II. *Newly Discovered Evidence/New Trial.*

■ The principal criterion on which a motion for a new trial based on newly discovered evidence must be judged is whether, upon a retrial, the evidence would probably produce an acquittal. *See United States v. Frye*, 548 F.2d 765, 769 (8th Cir. 1977).

The most significant evidence discovered after the trial concerns the testimony of Byers, who testified at trial that Goehring had told him she had sent an "ugly letter" to Reaves. At a post-trial hearing, Byers retracted his trial testimony in part and claimed that he could not recall what she had confided to him about the letters. He also revealed that prior to Goehring's trial state prosecutors had promised their assistance on traffic charges pending against him if he would cooperate in the federal prosecution of Goehring. Although these new statements by Byers may have undercut his trial testimony, we agree with the district court that it is unlikely that a retrial would produce an acquittal in light of the strength of the remainder of the Government's case.

**3.** Rule 403 reads as follows:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The final piece of newly discovered evidence is another threatening letter sent to Reaves after Goehring's trial. Goehring alleges, and the Government appears to concede, that this letter was written by someone else. Such evidence, however, does not diminish the weight of the proof that Goehring mailed the two threatening letters that were the subject of the trial. Therefore, the district court did not abuse its discretion in denying the motion for a new trial.

Accordingly, we affirm the conviction.