UNITED STATES of America, Appellee,

v.

Paul V. BOWMAN, Appellant.

No. 79–1217.

United States Court of Appeals,
Eighth Circuit.

Submitted July 11, 1979.

Decided July 16, 1979.

David F. Williams, Kansas City, Mo., on brief for appellant.

Ronald S. Reed, Jr., U. S. Atty., and Cynthia A. Clark, Asst. U.S. Atty., Kansas City, Mo., on brief for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Paul V. Bowman appeals from a judgment entered upon a jury verdict finding him guilty of failure to file federal

income tax returns in 1975, 1976 and 1977. For reversal appellant argues: (1) three counts of failure to file under 26 U.S.C. § 7203 were improperly joined; (2) evidence of other crimes was erroneously admitted; and (3) voir dire was improper.[1] For the following reasons, we affirm the judgment of the district court.[2]

Appellant was employed in tax years 1975, 1976, and 1977 as an airline pilot for North Central Airlines. Uncontested evidence and testimony showed that appellant had an income sufficient in these years to require the filing of a return and that appellant filed no returns for these years.

At trial the government's case centered on proving appellant's willfulness in not filing federal income tax returns for the years in question. Some of the evidence introduced on this point is the subject of alleged error on appeal and will be discussed *infra*. Appellant's defense is that he filed false W-4 forms and failed to file returns in 1975, 1976, and 1977 solely to focus attention on a dispute with the IRS over his 1973 tax return. In his 1973 return, Bowman claimed deductions arising from an employee business expense and from a casualty loss on a 1959 Chris Craft boat. These deductions were disallowed by the IRS and a deficiency was assessed. Numerous attempts to set up a conference regarding the matter failed. Finally, as a result of the IRS's disallowance of the deductions, Bowman filed a petition with the tax court in 1977. The matter was scheduled for hearing in tax court on March 12, 1979, after the trial of appellant's criminal case. All correspondence pertinent to the 1973 civil tax case was admitted into evidence in the present case and passed to the jury.

The jury found appellant guilty of all three charges under 26 U.S.C. § 7203. This appeal followed.

Appellant's first serious contention of error is that his motion for severance of counts was erroneously denied, and that trial of the counts together led to his conviction on the basis of an apparent criminal propensity. However, appellant did not renew his motion for severance at the close of

---

1. Appellant has raised several additional points of error which do not warrant more than a cursory discussion.

 Appellant contends that criminal penalties for failure to file income tax returns under 26 U.S.C. § 7203 violate constitutional rights to privacy and protection against self-incrimination and vagueness. This court has on previous occasions rejected both arguments. *See United States v. Russell*, 585 F.2d 368, 370 (8th Cir. 1978); *United States v. MacLeod*, 436 F.2d 947, 951 (8th Cir.), *cert. denied*, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647, *rehearing denied*, 402 U.S. 990, 91 S.Ct. 1659, 29 L.Ed.2d 157 (1971) (taxpayer's right against self-incrimination not violated); *accord United States v. Lachman*, 469 F.2d 1043, 1046 (1st Cir. 1972), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1973) (26 U.S.C. § 7203 is not improperly vague).

 Appellant also claims that he was improperly prosecuted by information rather than by indictment, and that this resulted in lack of subject matter jurisdiction in the trial court. This court has previously considered and rejected the argument that joinder of several counts under 26 U.S.C. § 7203 converts the offenses into crimes chargeable by indictment. *United States v. Johnson*, 585 F.2d 374, 377 (8th Cir. 1978); *United States v. Russell, supra*, 585 F.2d at 370.

 As a third allegation of error, appellant claims that a government exhibit linking him to a tax protest group was both irrelevant and unduly prejudicial, and therefore should have been excluded from evidence. Since objection to the exhibit was not timely raised at trial, this point is not preserved on appeal. Fed.R.Evid. 103; Fed.R.Crim.P. 51.

 Finally, appellant objects to the jury charge, claiming that the words "bad purpose or evil motive" are required for proper instruction of the jury on the concept of willfulness as used in 26 U.S.C. § 7203. This contention has been considered and rejected by both the United States Supreme Court and this circuit. *United States v. Pomponio*, 429 U.S. 10, 11–12, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976); *United States v. Olson*, 576 F.2d 1267, 1272 (8th Cir.), *cert. denied*, 439 U.S. 896, 99 S.Ct. 256, 58 L.Ed.2d 242 (1978); *United States v. Pohlman*, 522 F.2d 974, 977 (8th Cir. 1975) (en banc), *cert. denied*, 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). We further note that appellant was granted the modification in the jury charge which he requested near the end of trial.

2. The Honorable John W. Oliver, Chief Judge, United States District Court for the Western District of Missouri.

the government's case or at the conclusion of all evidence.

■ Failure to renew such a motion ordinarily constitutes waiver of the claim that severance should have been granted. *United States v. Lewis*, 547 F.2d 1030, 1033 (8th Cir. 1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977); *United States v. Johnson*, 540 F.2d 954, 959 (8th Cir. 1976); *United States v. Verdoon*, 528 F.2d 103, 106 (8th Cir. 1976); *United States v. West*, 517 F.2d 483, 484 (8th Cir.), *cert. denied*, 423 U.S. 948, 96 S.Ct. 365, 46 L.Ed.2d 283 (1975). The denial of severance is reviewable only for plain error under Fed.R.Crim.P. 52(b).

■ The three counts of failure to file were properly joined as "offenses . . . of the same or similar character," within the language of Rule 8(a) of the Federal Rules of Criminal Procedure. Where joinder is proper under Rule 8(a), the question of prejudice arising from such joinder is addressed to the sound discretion of the district court under Rule 14 of the Federal Rules of Criminal Procedure. In order to reverse the trial court's denial of severance, the appellate court must find clear prejudice and abuse of discretion. Fed.R.Crim.P. 14; *United States v. Lewis, supra*, 547 F.2d at 1033; *United States v. Riley*, 530 F.2d 767, 770 (8th Cir. 1976).

■ In the facts of this case, we do not perceive prejudice to appellant from the joinder of counts. Evidence of appellant's failure to file in each year was relevant to the contested element of willfulness in other years. 26 U.S.C. § 7203; Fed.R.Evid. 404(b). Where each offense would be admissible to show an element of another offense in separate trials, "criminal propensity" prejudice is in no way enlarged by joinder. *Bradley v. United States*, 140 U.S. App.D.C. 7, 12, 433 F.2d 1113, 1118 (1969); *Drew v. United States*, 1118 U.S.App.D.C.

11, 16, 331 F.2d 85, 90 (1964). Denial of appellant's motion to sever involved no abuse of discretion and no plain error. *United States v. Hastings*, 577 F.2d 38, 40 (8th Cir. 1978); *United States v. Lewis, supra*, 547 F.2d at 1033; *United States v. Riley, supra*, 530 F.2d at 770.

■ Appellant's second contention of error is that he was convicted on the basis of alleged criminal propensity and action in conformity therewith because the trial court admitted into evidence certain government exhibits. These exhibits were false withholding forms filed by defendant between 1974 and 1978. Supplying false W–4 and W–4E forms to an employer is a crime under 26 U.S.C. § 7205, although appellant was not charged with criminal conduct under this statute. Appellant alleges prejudicial error in the admission of evidence of crimes other than those charged in the indictment.

This contention is without merit when viewed in light of Rules 404(b) and 403 of the Federal Rules of Evidence. Evidence of crimes not charged in an indictment is usually not admissible to prove the character of a person or action in conformity therewith; however, evidence otherwise inadmissible may be admitted to show motive, intent, plan, preparation and absence of mistake or accident. Fed.R.Evid. 404(b). In the present case, the false W–4 and W–4E forms filed by appellant Bowman enabled him to frustrate the tax withholding system. Together with his failure to file income tax returns, the false withholding forms appeared to be part of a concerted scheme to avoid payment of taxes. Thus, this evidence was properly admissible to show intent or willfulness as an element of the crimes charged under Rule 404(b).

Moreover, the false forms meet two additional requirements [3] imposed by this court for admission of evidence of other crimes,

---

3. These requirements, which were developed before the effective date of the Federal Rules of Evidence, have survived the adoption of the Rules even though they were not expressly incorporated into Rule 404. *See United States v. Goehring*, 585 F.2d 371, 372–73 (8th Cir. 1978); *United States v. Drury*, 582 F.2d 1181, 1184 n. 6 (8th Cir. 1978); *United States v. Maestas*, 554 F.2d 834, 837 n. 2 (8th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977); *United States v. Clemons*, 503 F.2d 486, 489 (8th Cir. 1974).

namely, the evidence of other crimes must be clear and convincing and neither vague nor speculative, *e.g., United States v. Goehring*, 585 F.2d 371, 372–73 (8th Cir. 1978), and the other crimes must be similar in kind and reasonably close in time to the offense charged, *e. g., United States v. Drury*, 582 F.2d 1181, 1185 (8th Cir. 1978). It is undisputed that appellant submitted false W–4 and W–4E forms, a crime which is similar in kind to the failure to file tax returns. Spanning the years 1974 to 1978, the false withholding statements were made close in time to appellant's failure to file in 1975, 1976 and 1977.

Lastly, we note that any possible prejudice to appellant's case by the admission of this evidence was further lessened by the court's instruction to consider the false forms solely on the issue of intent. *United States v. Goehring, supra*, 585 F.2d at 373.

█ Appellant's last contention of error is that a fair and impartial jury was not assured by proper voir dire. Although error in voir dire is seldom a basis for appellate reversal, the issue here demands more than cursory consideration because of unusual developments in this case during trial.

Appellant proposed for voir dire question number thirty-three: "Do you personally fear the Internal Revenue Service because you might be on a jury and would find a verdict of not guilty." This question was not asked by the court in voir dire examination. At the end of voir dire, appellant suggested and was granted several additional questions. None of the questions focused on whether the jurors feared the possibility of an IRS audit as a result of participation in the case. Appellant did not at this time object to the court's failure to read proposed question thirty-three.

Midway through trial, one of the jurors (later jury foreman), Mr. Gilbert R. Hughes, submitted the following note to the court:

> 12:06 p. m. Whether the outcome will cause any of us to be audited by IRS. Signed, Gilbert R. Hughes

The government then made a motion for mistrial on the grounds that Juror Hughes had "an abiding mistrust of the IRS and the United States" and that Hughes wanted to acquit. Appellant, however, made no motion for mistrial on the basis of the note, stating instead that he wished to proceed with the trial if an appropriate instruction would be issued by the bench. The trial court denied the government's motion for mistrial under a manifest necessity standard [4] and instead gave a lengthy curative instruction to the jury.[5]

---

**4.** In response to the government's motion for mistrial, the court stated that although the court had planned to ask a voir dire question regarding IRS retaliation, the question had escaped notice by both the parties and the court "simply didn't reach it." The trial court further stated that had counsel for appellant requested the question at the end of voir dire, the court "would have given it" because the court considered this a proper question in an Internal Revenue case.

**5.** The trial court instructed the jury as follows:

> Just as we were about to get started, a third question arose, and one of the members of the jury—and to remove any mystery about it and to avoid any distraction or discussion of the question during your deliberations, Mr. Gilbert R. Hughes sent a note to the Court and inquired whether the outcome of the case would cause any member of the jury to be audited by the Internal Revenue Service.
>
> The Court wants to say to the jury that while I have been here a long time, and I have never heard of anyone ever having been audited because of serving on a jury, regardless of whether the jury may have returned a verdict of not guilty, I wanted to be in a position to authoritatively state to you, and I requested the government to check out so I can do so, and I want to assure you, Mr. Hughes, and every other member of the jury that IRS doesn't even keep track of the people who are on a jury. Whether you are audited or whether you aren't is a matter of random selection under very complicated procedures.
>
> I want to lay that question completely at rest, so that this jury, as all juries, can proceed in this case in accordance with the Constitution and laws of the United States and to apply that law to the facts as this jury determines.
>
> So I am going to simply suggest that should any member of this jury's number come up and you receive a notice of audit from the Internal Revenue Service simply make the fact known to the judge of this court, send a copy of the letter to the United States Attorney's office, and I will see that an

As a general rule, a trial court has broad discretion to conduct voir dire as necessary. *United States v. Hall*, 588 F.2d 613, 615 (8th Cir. 1978); *United States v. Cosby*, 529 F.2d 143, 147–48 (8th Cir.), *cert. denied*, 426 U.S. 935, 96 S.Ct. 2647, 49 L.Ed.2d 386 (1976). Error can be found only where substantial prejudice and abuse of discretion is shown. Fed.R.Crim.P. 24(a); *United States v. Buttorff*, 572 F.2d 619, 625 (8th Cir.), *cert. denied*, 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978); *United States v. Kershman*, 555 F.2d 198, 202 (8th Cir.), *cert. denied*, 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977); *United States v. Lewis*, *supra*, 547 F.2d at 1036. The crucial question on this appeal is whether the unusual facts of this case warrant a finding of substantial prejudice as a result of the court's failure to ask proposed voir dire question thirty-three.

In our opinion, appellant's claim of prejudice is belied by this apparent belief that Juror Hughes' note did not warrant a motion for mistrial. Appellant deliberately chose to go ahead with a curative instruction from the court in opposition to the government's motion for mistrial. In effect, appellant gambled on the existence of a favorable juror as suggested by Juror Hughes' note, and now should not be heard to complain because his gamble failed to pay off. Therefore, we deem this issue to have been waived. *E.g., Tucker v. United States*, 375 F.2d 363, 367 (8th Cir.), *cert. denied*, 389 U.S. 888, 88 S.Ct. 128, 19 L.Ed.2d 189 (1967), *citing Carruthers v. Reed*, 102 F.2d 933, 938 (8th Cir.), *cert. denied*, 307 U.S. 643, 59 S.Ct. 1047, 83 L.Ed. 1523 (1939). Because appellant failed to object to the omission of voir dire question thirty-three and later failed to move for a mistrial on the basis of Juror Hughes' note, and because the note was addressed by the court's curative instruction, we do not perceive a miscarriage of justice requiring application of the plain error rule. Fed.R. Crim.P. 52(b); *United States v. Van Horn*, 553 F.2d 1092, 1094 (8th Cir. 1977); *United States v. DiBenedetto*, 542 F.2d 490, 494 (8th Cir. 1976); *United States v. Mooney*, 417 F.2d 936, 939 (8th Cir. 1969), *cert. denied*, 397 U.S. 1029, 90 S.Ct. 1280, 25 L.Ed.2d 541 (1970).

The judgment of the district court is affirmed.

appropriate inquiry is made as to whether or not your number came up in any manner other than in accordance with the statutes passed by Congress and the regulations promulgated by the Internal Revenue Service.