UNITED STATES of America, Appellee,

v.

**William SHEARER, Appellant.**

**No. 79–1442.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1979.

Decided Oct. 5, 1979.

Hale W. Brown, Jr., Kirkwood, Mo., for appellant.

Evelyn M. Baker, Asst. U. S. Atty., St. Louis, Mo. (argued), Robert D. Kingsland, U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY and ROSS, Circuit Judges, and LARSON, Senior District Judge.*

ROSS, Circuit Judge.

William Shearer appeals from his conviction on two counts of the armed robbery of two different banks in violation of 18 U.S.C. § 2113(a) and (d).[1] On appeal, Shearer contends that the district court[2] erred in (1) denying his motion for separate trials on Counts I and II; (2) permitting an FBI agent to testify after sitting at counsel table and speaking with government witnesses during trial; and (3) permitting certain exhibits to go to the jury room. We affirm.

The evidence adduced at trial showed that on February 21, 1979 at 1:20 p. m. and on March 15, 1979 at 1:00 p. m. two banks in close geographical proximity were robbed by a white male described in both instances as in his late 40's, of average height, weight and build. In each instance, the robber pointed a gun held in his right hand at the bank tellers, told everyone present to stand back and collected the money in a paper bag. The robber wore a tan fishing hat during one of the robberies. Marked "bait" money given to the robber by the tellers at each bank, a gun and a tan fishing hat were found in Shearer's possession at the time of his arrest.

I

■ Shearer initially claims that the district court erred in refusing to grant his motion to sever each count of the indictment and order a separate trial on each count. Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of offenses in the same indictment if the offenses charged "are of the same or similar character." See United States v. Lewis, 547 F.2d 1030, 1033 (8th Cir. 1976), cert. denied, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977). Joinder of offenses is proper where the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps. United States v. Simon, 453 F.2d 111, 114 (8th Cir. 1971). In this case the armed robberies, executed in an identical manner in the same locale within a two-week period, possess sufficient similarity to render joinder of these offenses appropriate. See, e. g., United States v. Jordan, 602 F.2d 171 at 172 (8th Cir. 1979); United States v. Bowman, 602 F.2d 160 at 163 (8th Cir. 1979); United States v. Rabbitt, 583 F.2d 1014, 1021 (8th Cir. 1978), cert. denied, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979); United States v. Hastings, 577 F.2d 38, 40 (8th Cir. 1978); United States v. McClintic, 570 F.2d 685, 689 (8th Cir. 1978); United States v. Simon, supra, 453 F.2d at 114.

■ Rule 14 of the Federal Rules of Criminal Procedure[3] provides for relief from joinder which, while appropriate under Rule 8(a), results in undue prejudice to the defendant. Absent prejudice establishing an abuse of discretion by the trial court, denial of a defendant's motion for severance will not warrant reversal. Fed.R. Crim.P. 14; United States v. Bowman, supra, at 163; United States v. Hastings, supra, 577 F.2d at 40; United States v. McClintic, supra, 570 F.2d at 689; United States v. Lewis, supra, 547 F.2d at 1033;

---

* The Honorable EARL R. LARSON, Senior United States District Judge, District of Minnesota, sitting by designation.

1. He was sentenced to 25 years imprisonment on each count, the sentences to run concurrently.

2. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

3. Rule 14, Federal Rules of Criminal Procedure, provides in pertinent part:

> If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment * * *, the court may order an election or separate trials of counts.

*United States v. Pietras*, 501 F.2d 182, 185 (8th Cir.), *cert. denied*, 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974); *United States v. Sanders*, 463 F.2d 1086, 1089 (8th Cir. 1972).

▆ Shearer maintains that he was prejudiced by the joinder because the jury may have been unable to distinguish between the evidence presented on each separate count or may have cumulated the evidence from one count to the next. Clearly, there was no abuse of discretion by the district court in this instance where the offenses charged were identical and the evidence connecting Shearer to each offense was independently overwhelming.

Moreover even if prejudice had been shown, Shearer's failure to renew his motion for severance at the end of the government's case or at the conclusion of all the evidence, constitutes a waiver of his demand for separate trials. *See United States v. Bowman, supra*, at 163; *United States v. Robertson*, 588 F.2d 575, 577 (8th Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 2166, 60 L.Ed.2d 1048 (1979); *United States v. Lewis, supra*, 547 F.2d at 1033. Accordingly, we hold that the district court did not abuse its discretion in denying Shearer's motion to sever.

## II

▆ Shearer contends that the court abused its discretion in permitting an FBI agent to sit at counsel table throughout the trial. Under the exclusionary rule, the exclusion of all witnesses is within the sound discretion of the trial judge. Fed.R.Evid. 615; *United States v. Woody*, 588 F.2d 1212, 1213 (8th Cir. 1978), *cert. denied*, 440 U.S. 928, 99 S.Ct. 1263, 59 L.Ed.2d 484 (1979). Both the rule and its underlying legislative history clearly establish that an investigative agent need not be excluded when, as in this case, the agent merely assists counsel in the preparation of a case and at trial and the agent is an "officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed.R.Evid. 615; S.Rep.No. 93–1277, 93rd Cong., 2d Sess. 26 (1974). We

conclude that the district court's refusal to exclude the agent was proper.

▆ Shearer also urges that the district court erred in permitting the agent to converse with government witnesses during the course of the trial. Specifically, Shearer asserts that the FBI agent's discussions with the witnesses could have improperly influenced their testimony and formed the basis of the agent's testimony. Shearer's contentions are meritless. The agent testified at the defendant's request that he clarify the nature of his duties and the scope of his discussions with the witnesses. His testimony revealed that he did not discuss the case with the witnesses but merely gave them procedural instructions. He did not testify against the defendant on the merits. Thus, the agent's discussions with the witnesses and his testimony thereon were in no respect prejudicial to the defendant's case. *United States v. Woody, supra*, 588 F.2d at 1213–14.

## III

▆ Finally, Shearer claims error in the submission of photos, consisting in part of mug shots sealed in plastic with their numbers concealed, to the jury. Shearer claims that showing these photos to the jury was highly prejudicial in that it established him as an individual with a criminal record, thereby depriving him of a fair trial. The government contends, and we agree, that photos have probative value in demonstrating a defendant's difference in appearance at the time of trial as compared to the time of a prior photographic identification. *United States v. Bohr*, 581 F.2d 1294, 1299 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978). However, assuming but not deciding that these particular mug shots should not have been introduced at trial, error, if any, was harmless in light of the overwhelming evidence and strong, positive in-court identification of Shearer as the robber by nine government witnesses. *See United States v. Runge*, 593 F.2d 66, 69 (8th Cir. 1979). Moreover, Shearer failed to request limiting instructions regarding the photographs and has

not demonstrated plain error on appeal. Fed.R.Crim.P. 52(b).

Accordingly, the judgment of conviction is affirmed.