805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David L. RANSOM, Defendant-Appellant.
 No. 85-6107.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1986.
 
 Before MILBURN and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant David L. Ransom appeals his conviction, following a jury trial, of willful failure to file income tax returns for 1978, 1979 and 1980 in violation of 26 U.S.C. Sec. 7203. On appeal defendant argues that the district court erroneously admitted evidence indicating that defendant had engaged in other conduct designed to evade payment of taxes and that certain business records should not have been admitted because the Internal Revenue Service ("IRS") did not give him notice of a summons served on a third party in possession of the records. For the reasons that follow, we affirm.
 
 I.
 
 2
 Defendant received gross income of $239,542.00 during 1978, $211,745.00 during 1979, and $217,311.00 during 1980. After receiving a letter from the IRS dated March 28, 1980, concerning unfiled tax returns, defendant sent the following letter to his accountant, Edwin Ramsey:
 
 
 3
 Ed--
 
 
 4
 Here are my personal records for 1977 taxes. Please get these in as they are on my ass about them. If I interpret the law correctly April 15, 1981, is the deadline for an audit so, with the vast bundle of stuff they are getting in now, I don't think there will be an audit, so let's figure the taxes as low as possible. Thanks.
 
 Dave
 
 5
 Joint Appendix at 38. Ramsey prepared the 1977 return on April 3, 1981, and the return was filed in September 1981. No returns had been filed for 1978, 1979 or 1980.
 
 
 6
 After learning of a December 1981 meeting between Ramsey and IRS Agent Alice Campbell, defendant brought Ramsey additional tax records for 1978, 1979 and 1980. Ramsey completed the 1978, 1979 and 1980 returns and delivered them to defendant on January 8, 1982. Defendant filed the 1978 return on December 8, 1982, the 1979 return on March 10, 1982, and the 1980 return on September 9, 1985.
 
 
 7
 At trial, the district court, pursuant to Fed.R.Evid. 404(b), permitted Ramsey to testify that he refused defendant's request to set up a trust through which defendant could channel his business income. The district court also admitted bank records acquired from Union Planters Bank pursuant to a subpoena duces tecum. The bank records indicated that, in 1974, defendant made credit card applications for himself and Freedom Mission Church, of which defendant was pastor and president. These records also indicated that deposits to the Freedom Mission Church bank account, on which defendant was a signatory, were primarily from Ransom Sales Company and that checks were written on the account by defendant for his children's tuition, personal cars and other personal expenditures. The district court instructed the jury to consider this evidence only on the issue of willfulness.
 
 II.
 A. Proof of Other Crimes
 
 8
 Proof of other crimes, wrongs, or acts committed by a defendant is not admissible to show that he acted in conformity with his character, but is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). Evidence relevant under Rule 404(b) may be excluded, however, "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. The balancing of probative value and unfair prejudice is within the broad discretion of the district court. United States v. Townsend, 796 F.2d 158, 162 (6th Cir.1986).
 
 
 9
 The elements of an offense under section 7203 are failure to file a tax return and willfulness in doing so. United States v. Quimby, 636 F.2d 86, 90 (5th Cir.1981) (per curiam). Defendant claimed through his own testimony and that of other witnesses that he frequently neglected paper work and that his failure to file tax returns was negligent and not willful. The government offered the contested evidence to show defendant's willfulness in failing to file.
 
 
 10
 Defendant's attempt to establish the trust and use of the Freedom Mission Church account are indicative of a conscious scheme to evade payment of taxes and tend to prove that defendant's failure to file tax returns was intentional or willful, rather than negligent or inadvertent. Thus, this evidence was admissible for a proper purpose under Rule 404(b). See United States v. Serlin, 707 F.2d 953, 959 (7th Cir.1983); United States v. Verkuilen, 690 F.2d 648, 656 (7th Cir.1982); United States v. Bowman, 602 F.2d 160, 163 (8th Cir.1979) (per curiam). Further, we cannot say that the district court abused its discretion in determining that the probative value of this evidence was not substantially outweighed by any unfair prejudice it might cause. Any possible prejudice to defendant's case was minimized by the district court's instruction to consider the evidence solely on the issue of willfulness. See Bowman, 602 F.2d at 164.
 
 B. Notice
 
 11
 Under 26 U.S.C. Sec. 7609(a), the IRS may issue a summons to any third-party recordkeeper requiring the production of records in its possession relating to the taxpayer's financial activities provided notice of the summons is given to the taxpayer. The record is not clear whether defendant actually received notice of the summons issued to Union Planters Bank. Defendant testified that he received notice of summonses issued by the IRS to certain unidentified third-party recordkeepers. Joint Appendix at 111.
 
 
 12
 In any event, an objection to the admission of evidence not raised at trial may not be raised on appeal unless there is plain error. Fed.R.Evid. 103. See also Helminski v. Ayerst Laboratories, 766 F.2d 208, 211 (6th Cir.), cert. denied, 106 S.Ct. 386 (1985). Although defendant objected to admission of the bank records on the basis of Rule 404(b), he did not object on the basis of section 7609(a). The plain error doctrine is to be used "only in exceptional circumstances" and only where the error is so plain that " 'the trial judge and prosecutor were derelict in countenancing it.' " United States v. Hook, 781 F.2d 1166, 1172 (6th Cir.1986) (quoting United States v. Frady, 456 U.S. 152, 163 (1982)). Judged by this standard, plain error did not occur with respect to admission of the bank records.
 
 III.
 
 13
 Accordingly, the judgment of the district court is AFFIRMED.