**UNITED STATES of America, Appellee,**

v.

**Lushrie JARDAN and Harold Hudson, Appellants.**

**Nos. 76–1140 and 76–1180.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1976.

Decided March 21, 1977.

Certiorari Denied June 27, 1977. See 97 S.Ct. 2982.

---

David F. Williams, Kansas City, Mo., on brief, for Jardan.

Mark W. Slatkin, Kansas City, Mo., on brief, for Hudson.

Frederick Eisenbud, U. S. Dept. of Justice, and Mervyn Hamberg, Washington, D. C., Bert C. Hurn, U. S. Atty., and William M. Tetrick, Sp. Atty., Dept. of Justice, Kansas City, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, and HEANEY and WEBSTER, Circuit Judges.

GIBSON, Chief Judge.

Lushrie Jardan and Harold Hudson were indicted on two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count I alleged that Jardan and Hudson unlawfully distributed approximately one gram of heroin on May 3, 1975. Count II charged Jardan and Hudson with an unlawful distribution of approximately 3.3 grams of heroin on May 13, 1975. Hudson and Jardan were tried jointly before a jury on both counts. Hudson was acquitted on Count I and convicted on Count II. He received a sentence of nine years, with a consecutive six-year special parole term. Jardan was convicted on each count and was sentenced to a total of eighteen years, coupled with a six-year special parole term. Both defendants appealed.

The narcotics transactions took place in Kansas City, Missouri, at the apartment of Anderson Jackson, a Government informant. Jackson, as the principal Government witness, established the events underlying the crimes charged in the indictment. Hudson and Jardan admitted their presence at Jackson's apartment, but denied participating in the crimes charged. Over defendants' objections, Jackson also testified of criminal activity by defendants during April, 1975, for which they had not been indicted.[1] This evidence of other criminal conduct was admitted by the trial court[2] under Fed.R.Ev. 404(b) on the basis that it was relevant to the issues of lack of intent, motive, scheme or plan.[3]

Evidence of other crimes or criminal conduct is generally inadmissible unless relevant to establish:

(1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) identity of the person charged with the commission of the crime on trial.

*United States v. Cochran,* 475 F.2d 1080, 1082 (8th Cir.), *cert. denied,* 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973); *accord, United States v. Conley,* 523 F.2d 650, 653 (8th Cir. 1975), *cert. denied,* 424 U.S. 920, 94 S.Ct. 1125, 47 L.Ed.2d 327 (1976); *United States v. Lewis,* 423 F.2d 457, 459 (8th Cir.), *cert. denied,* 400 U.S. 905, 91 S.Ct. 146, 27 L.Ed.2d 142 (1970). Evidence of other crimes or criminal conduct may not be ad-

---

1. Jackson's testimony included evidence of the following events:

    (1) A meeting between Jardan and Jackson at which Jardan gave Jackson some white heroin to "try out";

    (2) several conversations between Jardan and Jackson in which Jardan asked Jackson "to deal drugs for him";

    (3) a meeting on April 28, 1975, at which Jardan displayed white, brown and grey heroin to Jackson and gave Jackson "six dimes" of heroin to sell for him; and

    (4) a visit to Jackson on April 29, 1975, from Hudson, who identified himself as "a representative of Brother Jardan" who had come "to pick up the money for those six dime papers."

2. The Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri.

3. In their brief, defendants devote considerable attention to the proposition that the trial court mistakenly believed that they were raising an entrapment defense and, therefore, erred in admitting evidence of other criminal conduct to counter this nonexistent defense. A review of the record shows that at arraignment and in their opening statements, defense counsels' posture suggested reliance on a variety of defenses including entrapment. However, any initial disagreement as to the existence of an entrapment defense was resolved by the close of trial. Moreover, assertion of an entrapment defense is not the sole ground which permits the Government to proffer evidence of other criminal activity. The record clearly establishes that the trial court admitted evidence of other criminal conduct on the issues of lack of intent, motive, scheme or plan. Therefore, in the context of this case, the existence or nonexistence of an entrapment defense has no bearing on the propriety of the admission of evidence of other criminal conduct.

mitted absent a foundation which shows that there is an issue on which this evidence may be received and to which it is relevant, that the evidence is clear and convincing and that its probative worth outweighs its probable prejudicial impact. *United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974). The other criminal conduct must also "involve an offense similar in kind and reasonably close in time to the charge at trial." *United States v. Clemons, supra* at 489; *accord, United States v. McMillian,* 535 F.2d 1035, 1038 (8th Cir. 1976). The admission of evidence of other criminal conduct pursuant to these standards is a matter left to the discretion of the trial court and once such evidence has been admitted, reversal will be mandated only when it is clear that the standards have not been followed. *United States v. Thompson,* 503 F.2d 1096, 1098 (8th Cir. 1974); *accord, United States v. Conley, supra* at 654.

■ The trial court deemed the issues of lack of intent, motive, scheme or plan to be involved in this case. If the evidence of criminal conduct bore on any one of these issues and was otherwise relevant and admissible under *United States v. Clemons, supra* at 489, its admission was proper. Defendants take the somewhat ingenuous position that their assertion of defenses of general denial in this prosecution under § 841(a)(1) removed all issues from the case on which evidence of prior criminal conduct could be admitted under Fed.R.Ev. 404(b). They argue in particular that intent was not at issue here. To the contrary, however, in a prosecution under § 841(a)(1) the Government is required to prove that a distribution of heroin is intentional. *United States v. Conley, supra* at 654. Moreover, the Government is entitled to anticipate the obvious defense of lack of intent. *United States v. Conley, supra* at 654.

■■ Jackson's testimony on defendants' prior criminal conduct was relevant to the issue of intent. In a prosecution under § 841(a)(1), evidence of prior distributions of heroin may be probative of a defendant's knowledge and intent to possess on the date charged. *Johnson v. United States,* 506 F.2d 640, 644 (8th Cir. 1974), *cert. denied,* 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 659 (1975). The conduct of which Jackson testified was similar in kind and very close in time to the charge at trial. Moreover, this evidence was clear and convincing and its probative value outweighed its probable prejudicial impact. On the record before us, we hold that this evidence of prior criminal conduct was admissible to show that defendants intentionally distributed heroin in violation of § 841(a)(1).

■ Defendants contend that the District Court erred in not granting their motions for separate trials. The initial joinder of defendants was proper under Fed.R.Crim.P. 8(b). The record does not support a finding that severance of defendants was mandated prior to trial or that their rights to a fair trial were prejudiced by the joint trial. "[T]he granting of a severance is within the discretion of the trial judge. * * * The burden of demonstrating prejudice is a difficult one, and the ruling of the trial judge will rarely be disturbed on review." *Williams v. United States,* 416 F.2d 1064, 1070 (8th Cir. 1969); *see Golliher v. United States,* 362 F.2d 594, 603 (8th Cir. 1966). The defendants' attempted characterization of their general denial defenses as "irreconcilable" does not merit a severance. Their defensive postures were actually harmonious, as both denied participation in the offenses and neither attempted to implicate the other. The trial court did not abuse its discretion in declining to grant separate trials for Hudson and Jardan.

Hudson contends that the joinder of Counts I and II prejudiced his right to a fair trial. The joinder of counts against Hudson was clearly proper under Fed.R. Crim.P. 8(a). Hudson argues, however, that he consistently expressed a desire to take the stand and testify with regard to only Count I, of which he was acquitted, and that joinder coerced him into testifying as to Count II in order to avoid a prejudicial inference by the jury from his silence on the crime charged in Count II. The District Court declined to sever counts on this basis either prior to or at trial, where Hudson

took the stand and denied participation in the offenses charged in both counts. Hudson contends that this refusal to sever constituted error under *Cross v. United States,* 118 U.S.App.D.C. 324, 335 F.2d 987 (1964), which recognized the potential for prejudice where a defendant wishes to testify as to only one of multiple counts.

Subsequent emendation of *Cross v. United States, supra,* has resulted in a standard that calls for severance of counts only when a defendant has made a "convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Baker v. United States,* 131 U.S.App.D.C. 7, 26, 401 F.2d 958, 977 (1968), *aff'd after remand,* 139 U.S.App.D.C. 126, 430 F.2d 499 (1970), *cert. denied,* 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970); *accord, Blunt v. United States,* 131 U.S. App.D.C. 306, 404 F.2d 1283, 1289 (1968), *cert. denied,* 394 U.S. 909, 89 S.Ct. 1021, 22 L.Ed.2d 221 (1969).

> In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.

*Baker v. United States, supra* at 977.

A review of the record convinces us that Hudson failed to make a showing requiring severance of counts. At the pretrial hearing on the motions to sever, Hudson simply indicated to the court that his defense to Count I looked stronger than his defense to Count II. Moreover, Hudson's counsel stated that "defendant Hudson at this point does not plan to take the stand in his defense." Thus, the basis on which the trial court was asked to sever counts was speculative at best and we find no abuse of discretion in the denial of Hudson's motion for severance of counts. Nor do we find

that prejudice to Hudson arose at trial as a result of the joinder of Counts I and II. *See United States v. Lewis,* 547 F.2d 1030 at 1033 (8th Cir. 1976); *United States v. Riley,* 530 F.2d 767, 770 (8th Cir. 1976).

Affirmed.