**UNITED STATES of America, Appellee,**

v.

**Joe Earl LITTLE, Appellant.**

**No. 77–1400.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1977.

Decided Sept. 28, 1977.

Paul D. Groce, Jacksonville, Ark., for appellant.

Don N. Curdie, Asst. U. S. Atty., Little Rock, Ark., argued, W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before BRIGHT, ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Joe Earl Little appeals his conviction on two counts of transporting firearms in interstate commerce after having been convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C. § 922(g)(1). We affirm.

The testimony, viewed in the light most favorable to the government, indicates that on December 19, 1975, a gun collection was stolen from the Ivan McCain residence in Williamsville, Missouri, and that the defendant, who had been convicted of burglary in 1971 and given a five year sentence, sold two guns from McCain's collection to Walter D. "Donny" Horton around Christmastime in 1975, in Trumann, Arkansas. Little's indictment involved these two guns—a Hawes single-shot, .22 caliber pistol, serial number 30425, and an Armalite, .22 caliber, semiautomatic rifle, AR7 Explorer, serial number A23129. A third weapon from the McCain collection, a .303 British caliber rifle with serial number G29575, was also introduced as evidence and there was testimony that it was in Little's possession as he traveled from Arkansas to Florida and back to St. Louis, Missouri. In St. Louis Little gave the .303 rifle to a service station attendant as collateral for a tire and some gasoline. Little was not indicted with regard to the .303 rifle.

On appeal Little challenges the trial court's rulings on his pretrial motions for a bill of particulars and a list of government witnesses; the admission of, and testimony about, the .303 rifle; the court's initial ruling on cross-examination of Horton regarding his previous conviction, and its later change of position in this regard; the fairness and impartiality of the trial as a whole; and the sufficiency of evidence on the issue of interstate transportation.

*The .303 Rifle and Sufficiency of Evidence*

Little's primary arguments on appeal relate to the introduction of the weapon not

charged in the indictment, the .303 rifle, and testimony concerning its transportation in interstate commerce. He claims it was inadmissible evidence of other criminal activity and so prejudicial as to outweigh any probative value. He further contends that without it the evidence on interstate transportation was insufficient to sustain a conviction. We address the second contention first.

The government relies on circumstantial evidence to prove that Little transported the guns charged in the indictment in interstate commerce. The only direct evidence of interstate transportation related to the .303 rifle. Testimony indicates that Little had seen McCain's gun collection, including the three weapons introduced as evidence, in Missouri in the fall of 1975; that the entire collection was stolen from the Missouri residence on December 19, 1975; that the defendant had possession of at least one gun, the pistol, in Arkansas approximately one week later; that Little transferred a number of guns from a friend's car to his car in late December of 1975; that he then sold the two weapons charged in the indictment; and that he subsequently drove with the other guns from Arkansas to Florida and back to St. Louis.[1]

■ We agree that the government's case on interstate transportation was weak. However, the jury could infer interstate transportation from possession in one state of property recently stolen in another. See McAbee v. United States, 434 F.2d 361 (9th Cir. 1970). Cf. United States v. Powless, 546 F.2d 792 (8th Cir.), cert. denied, 430 U.S. 910, 97 S.Ct. 1185, 51 L.Ed.2d 588 (1977). Although the government's evidence was all circumstantial, circumstantial evidence can be the sole basis for a conviction on a substantive offense, and is intrinsically as probative as direct evidence. See United States v. Jackson, 549 F.2d 517, 530 (8th Cir.), cert. denied sub nom. Muhammad v. United States, 430 U.S. 985, 97 S.Ct. 1682,

52 L.Ed.2d 379 (1977). Furthermore, the evidence was consistent with guilt and supported by the fact that Little had observed the gun collection in Missouri prior to the theft. It is not necessary that the evidence exclude every hypothesis but guilt. United States v. Jackson, supra, 549 F.2d at 529; United States v. Collins, 552 F.2d 243, 245 (8th Cir. 1977).

■ Certainly the .303 rifle bolstered the government's case, but we conclude that even without it the evidence was sufficient to support the conviction.

■ With regard to the government's use of the .303 rifle we note that the admissibility of evidence of other criminal conduct is governed by Rule 404(b) of the Federal Rules of Evidence, which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Relevant evidence may be excluded by the district court "if its probative value is substantially outweighed by the danger of unfair prejudice * * *." Fed.R.Evid. 403. When the admission of such evidence is challenged on appeal, this court's task is to assess its relevancy and probative value. If we find it relevant under Rule 404, we may not reverse the ruling of the district court unless we find it so prejudicial that its probative value is outweighed. United States v. Maestas, 554 F.2d 834, 836 (8th Cir. 1977).

■ Here the government contends that the .303 rifle was admissible to show the identity of the defendant as the one who transported the weapons from Missouri to Arkansas, and to show a scheme or plan to transport the weapons across state lines for sale. The district court ruled that it would

---

1. Additional testimony indicates that somewhere along the journey to Florida Joe Little wrapped the guns in a blanket, threw them in a ditch, and later retrieved them on his way back to Missouri.

be admissible for those purposes, and the jury was so instructed.

This case is not unlike *United States v. Maestas, supra,* 554 F.2d 834, wherein the defendant was charged with two counts of interstate transportation of forged securities. The government presented evidence of the defendant's participation in similar criminal activity (passing other bogus checks). The court held the admission of the other crimes' evidence not to be error since it tended to prove both that she cashed the checks and that she did so as part of a scheme rather than through inadvertence or mistake. Similarly, here evidence of interstate transportation of another weapon stolen from the same collection is probative of Little's plan or scheme to travel from one state to another selling the stolen weapons. The evidence involved "an offense similar in kind and reasonably close in time to the charge at trial." *See United States v. Jardan,* 552 F.2d 216, 219 (8th Cir. 1977); *United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974).

Although we believe that the evidence regarding the .303 rifle was detrimental to defendant's case, we do not find that the prejudice outweighed the probative value.

*Pretrial Motions*

■ The defendant made three pretrial motions, one for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, one for a list of witnesses, and one for an order that a subpoena be issued for Beverly Rosson.[2] He did not file any discovery motions under Rule 16 of the Federal Rules of Criminal Procedure.

"The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Miller,* 543 F.2d 1221, 1224 (8th Cir. 1976), *cert. denied,* 429 U.S. 1108, 97 S.Ct. 1142, 51 L.Ed.2d 561 (1977). Here the indictment informed Little of the date on which the alleged interstate transporta-

tion occurred and provided detailed descriptions of the weapons involved. It clearly apprised Little of the nature of the charges against him. The additional information sought by Little in his motion for a bill of particulars, names of investigators, grand jury witnesses and anticipated trial witnesses, are not appropriate matters under Rule 7. *See, e. g., United States v. Perez,* 489 F.2d 51, 70–71 (5th Cir. 1973), *cert. denied,* 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974). The granting or denying of a motion for a bill of particulars lies in the broad discretion of the trial court. *United States v. Brown,* 540 F.2d 364, 371 (8th Cir. 1976). We cannot say that discretion was abused here.

■ In addition to his motion for a bill of particulars the defendant filed a separate motion requesting a list of government witnesses. This motion apparently was never ruled on by the district court. However, in chambers before trial defense counsel indicated that the ruling on the motion for a bill of particulars was the only one in which he was interested. In any event, the rule in this circuit is that the government is not required, in noncapital cases, to disclose names and addresses of its witnesses. *United States v. Cole,* 453 F.2d 902, 905 (8th Cir.), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972).

*Cross-examination of Horton*

■ In chambers before trial the district court ruled that the defense could not cross-examine government witness Donny Horton about his 1965 burglary conviction because it was more than 10 years old. *See* Fed.R.Evid. 609(b). Horton was called as a witness, examined and cross-examined. Several other witnesses testified. The court then changed its ruling and agreed to let the defendant question Horton about the prior conviction.

On appeal the defendant challenges the original ruling and argues that allowing Horton to be recalled did not rectify the district court's error. He cites no support

2. Beverly Rosson was subpoenaed and did testify.

**582**

for his contention that correction of an error by a trial court must be timely, and demonstrates no actual prejudice in delayed cross-examination. A reading of the record reveals no prejudice. The trial lasted only one day. If in fact it was error to refuse cross-examination on the prior conviction, we find there was no prejudice since the cross-examination was subsequently allowed.

*Impartial Trial*

Finally, the defendant challenges the "total circumstances of the trial" and alleges that he was denied his sixth amendment right of an "impartial trial." This claim is wholly without merit. A reading of the record convinces us that the district court conducted the proceedings in a proper manner.

The judgment of the district court is affirmed.