UNITED STATES of America, Appellee,

v.

Henry Grady YOUNG, Jr., Appellant.

No. 77–1346.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1977.

Decided Jan. 11, 1978.

---

**5.** *See* Mallamud, *Prospective Limitation and the Rights of the Accused*, 56 Iowa L.Rev. 321, 357 (1970).

Michael P. Shea, St. Charles, Mo., argued and filed brief, for appellant.

Stephen B. Higgins, Asst. U. S. Atty. (argued), and Barry A. Short (former U. S. Atty.), St. Louis, Mo., filed brief, for appellee.

Before LAY, BRIGHT, and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Henry Grady Young, Jr., appeals his conviction under 18 U.S.C. § 659 (1970) for knowing possession of property stolen from an interstate shipment. He argues that the district court erred in overruling his motion for acquittal at the close of the Government's case. We affirm.

At approximately 9:30 p. m. on February 2, 1977, police officer Arthur Williams was investigating a tractor-trailer unit suspiciously parked on a St. Louis street. As he approached the scene in his unmarked police car, he observed appellant Young standing on a nearby corner. Young, upon seeing the car approaching, immediately ran down the sidewalk past a Chevrolet automobile parked approximately thirty feet away from the trailer, slamming the trunk shut as he ran by. Before the trunk was closed, Williams observed two large cardboard boxes inside. Williams apprehended both Young and Nathaniel Franklin, who was standing in the rear of the trailer. A search of the Chevrolet trunk revealed two cartons, each containing four Panasonic Citizens Band AM/FM radios. Further investigation disclosed that the radios had been removed from the tractor-trailer, that Franklin owned the Chevrolet, and that Franklin and Young had spent the evening together. Young and Franklin were tried together and convicted by a jury.

On appeal, Young argues that the Government's evidence was insufficient to sustain the "possession" element of the charge against him. He further argues that for purposes of this appeal we should consider only the evidence presented by the Government in its case in chief.

■ The law is to the contrary. In deciding whether the Government's evidence is sufficient to withstand a motion for acquittal, this court may examine the record as a whole, including evidence put on by the defendant. *United States v. Davis*, 542 F.2d 743, 746 (8th Cir.), *cert. denied*, 429 U.S. 1004, 97 S.Ct. 537, 50 L.Ed.2d 616 (1976); *United States v. Geelan*, 509 F.2d 737, 742 (8th Cir. 1974), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 666 (1975). A conviction can rest solely on circumstantial evidence, which is intrinsically as probative as direct evidence. *United States . v. Lambros*, 564 F.2d 26 (8th Cir. 1977); *United States v. Carlson*, 547 F.2d 1346, 1360 (8th Cir. 1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977).

■ The evidence, viewed as a whole, was sufficient to warrant a verdict of guilty. The jury could reasonably infer from Young's running to the vehicle and closing the lid that he exercised joint possession of the car and the stolen merchandise. Young's testimony at trial that he had spent the evening with Franklin was inconsistent with his earlier statements to F.B.I. agents, a fact the jury could have considered in judging Young's credibility.

We affirm the conviction.