**UNITED STATES of America, Appellee,**

v.

**Nathaniel FRANKLIN, Appellant.**

**No. 77–1423.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1977.

Decided Jan. 12, 1978.

Rehearing and Rehearing En Banc
Denied Feb. 6, 1978.

Stan Platke, St. Louis, Mo., for appellant.

Stephen B. Higgins, Asst. U.S. Atty., St. Louis, Mo., Barry A. Short, former U.S. Atty., St. Louis, Mo., on brief, for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Nathaniel Franklin appeals his conviction under 18 U.S.C. § 659 (1970) for knowing possession of property stolen from an interstate shipment. The background of Franklin's arrest and conviction is recited in *United States v. Young,* 568 F.2d 588 (8th Cir. 1978). Franklin challenges his conviction on two grounds: (1) that the jury instruction regarding a presumption of interstate shipment violated the due process clause, and (2) that the prosecution, in closing argument, made prejudicial comments that

denied Franklin his right to a fair and impartial trial. We affirm the conviction.

### I. *Presumption of Interstate Commerce.*

Under section 659, shipping documents are prima facie evidence of the interstate nature of the shipment. During the trial the Government introduced an invoice showing that the radios were to be shipped from California to Illinois, and other evidence showing that the property had been shipped in interstate commerce. The district court instructed the jury as follows:

> Section 659 of Title 18 of U.S.C.A. further provides that:
>
> "To establish the interstate . . . commerce character of any shipment . . . the waybill or other shipping document of such shipment shall be prima facie evidence of the place from which and to which such shipment was made."
>
> "Prima facie evidence" means sufficient evidence, unless outweighed by other evidence in the case. In other words, waybills, or bills of lading, or other shipping documents such as invoices, if proved, are sufficient to show the interstate commerce character of the shipment, in the absence of evidence in the case which leads the jury to a different or contrary conclusion.

Franklin argues that this instruction was unconstitutional because it required the jury to find an essential element of the offense without requiring the Government to prove it beyond a reasonable doubt.

■ Franklin does not challenge the constitutionality of section 659. He challenges only the jury instruction. He did not, however, object to the instruction when it was given as required by Fed.R.Crim.P. 30, and we cannot rule on his contention unless the instruction constitutes plain error. *United States v. Culp,* 472 F.2d 459 (8th Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2161, 36 L.Ed.2d 692 (1973); *United States v. Cole,* 453 F.2d 902, 906 (8th Cir.), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972); *United States v. Dunmore,* 446 F.2d 1214, 1222 (8th Cir. 1971), *cert. denied,* 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734 (1972).

■ We find no error in the instruction, much less plain error. The instruction complies with the statute and the applicable constitutional test of a statutory presumption in criminal cases: "that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States,* 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969) (footnote omitted).[1] Although the possibility exists, as Franklin argues, that shipping documents may be written for shipments that are never made, it is far more likely that goods intended for interstate commerce are shipped as intended. The presumption is rebuttable; it permits the jury to find that the goods were in interstate commerce, but it does not, as Franklin argues, require such a finding. Moreover, the Government did not rely solely on the invoice to prove the interstate nature of the shipment; it produced witnesses who testified that the radios were en route at the time they were stolen. The fact that the truck carrying the radios from California to Illinois was in St. Louis at the time of the theft would tend to prove the same thing. Finally, defense counsel, in his closing argument, conceded the interstate character of the shipment:

> [T]he evidence, as put on by the defendants, is, in a great many respects, consistent with the government's evidence, that is, that these Panasonic radios were in interstate commerce, there's very little doubt about that, we will concede that.

Under these circumstances, we find no error in the instructions.

---

1. In *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), the Supreme Court considered, but did not decide, whether a more stringent test should be applied: that "the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt * * ." *Id.* at 843, 93 S.Ct. at 2362. In *Barnes,* the Court held that because the statutory presumption met the more stringent "reasonable doubt" test, the presumption was constitutional. The Court expressly declined to decide whether the statutory presumption *must* meet that test.

## II. *Prosecutor's Closing Argument.*

Franklin claims prejudicial error in the trial by reason of the following statements made by the prosecutor in his closing argument:

> Did Nathaniel Franklin tell you the truth on the stand? Said he was never up in the back of that truck? Now, ladies and gentlemen, somebody is lying on that stand to you. I mean it's 180 degrees. He says his trunk lid was never opened. Well, ladies and gentlemen, how did these Panasonic radios right here, how did they get in that trunk? It's obvious. They opened the trunk. They put the stuff in there. We don't know what they had done before that, and what the heck difference does it matter how the policeman got in the trunk, whether they used a key or whatever? What matters is what was in the trunk.

> \* \* \* \* \* \*

> They are not lying to me, ladies and gentlemen, if they put this over, they are lying to you. You are the last bastion. You can convict or you can acquit. Those are the only two things. If you acquit, they go out—out the door. Ask yourself if you're going to put up with this kind of thing, put up with lying on that witness stand to you.

> \* \* \* \* \* \*

> Three questions: Who can you believe? Who should you believe? Who will you believe?

> Credibility. Credibility. Credibility.

> \* \* \* \* \* \*

> I ask you, when you get into your jury room, think collectively about the testimony of Nathaniel Franklin, mull it over a moment. I asked him if he ever possessed all these radios, ever had them in his car.

> "No."

> Did he ever possess them?

> "No."

> "Were you ever up in the back of the truck?"

> "No."

> "Was your trunk lid ever open?"

> "No."

> "Did you ever steal these radios?"

> "No."

> Lies. Lies. Lies.

> It's clear what happened. The charge is an accurate one. The facts and the defendants fit the charge. They committed the offense. We ask you to convict them, both of them.

Franklin did not object to the argument at the time. On appeal, he characterizes these statements as inflammatory, as improper expressions of the prosecutor's personal belief in Franklin's guilt, and as implying that the prosecutor possessed outside knowledge not available to the jury, and he argues that the statements were such a serious violation of his right to a fair trial that they constitute plain error. *See United States v. Drummond*, 481 F.2d 62 (2d Cir. 1973); *Hall v. United States*, 419 F.2d 582 (5th Cir. 1969).

Franklin testified that he and Young were driving to a friend's house when they saw the truck. Curious about why a tractor-trailer unit would be parked on the street at night, they approached the truck and saw several people carrying cartons out of the back of the trailer. Franklin testified that he did not enter the trailer and that he did not unlock or open the trunk of his car. These two statements directly contradicted the testimony of the arresting officer, who testified that he saw Franklin standing in the rear of the trailer and that he saw the car trunk open and loaded with the stolen radios.

 With this contradictory testimony in evidence, the prosecutor's attack on Franklin's credibility was justified. *See United States v. Kuta*, 518 F.2d 947 (7th Cir.), *cert. denied*, 423 U.S. 1014, 96 S.Ct. 446, 46 L.Ed.2d 385 (1975); *United States v. Isaacs*, 493 F.2d 1124 (7th Cir.), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146

(1974); *United States v. Salazar*, 485 F.2d 1272 (2d Cir. 1973), *cert. denied*, 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974). Moreover, the prosecutor's statements did not carry an inference of outside knowledge or ask the jurors to rely on the prosecutor's own credibility. *See United States v. Dawkins*, 562 F.2d 567 (8th Cir. 1977). In fact, the prosecutor repeatedly emphasized that the jurors must judge the evidence. The vehemence of the prosecutor's comment can be criticized, but in the absence of a timely objection, we cannot say that the tenor of that argument violated Franklin's right to a fair trial.

Accordingly, we affirm.