**UNITED STATES of America, Appellee,**

v.

**Gaby Habib SEMAAN, Appellant.**

**Nos. 78–1669, 78–1670.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1979.

Decided March 21, 1979.

Certiorari Denied May 21, 1979.
See 99 S.Ct. 2413.

---

Scott F. Tilsen of Connolly & Heffernan, St. Paul, Minn., for appellant.

Douglas A. Kelley, Asst. U. S. Atty., Minneapolis, Minn. (argued), Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., and Robert Gjorvad, Legal Intern, on brief, for appellee.

Before MATTHES, Senior Circuit Judge, HENLEY, Circuit Judge, and NANGLE, District Judge.*

NANGLE, District Judge.

Defendant Gaby Habib Semaan appeals from a judgment of the district court, following a jury trial finding defendant guilty of two counts of making materially false statements in a loan application to a federally insured bank, 18 U.S.C. § 1014, and 11 counts of interstate transportation of forged travelers checks, 18 U.S.C. §§ 2314 and 2.

Defendant argues that the convictions should be reversed because (1) evidence of other alleged misconduct by defendant was erroneously admitted; (2) there was repeated and intentional improper prosecutorial questioning and argument directed toward defendant's character; (3) the district court failed to give the substance of defendant's instructions concerning the testimony of the handwriting expert; and (4) the district court abused its discretion in answering a fact question from the jury during its deliberation, in allowing the United States Attorney to provide the answer and by failing to incorporate other testimony in the answer. We affirm.

From December, 1976 through May, 1977, defendant shared an apartment in Minneapolis, Minnesota with Mohammad Esmaili, and, at times, Morteza Sadat. Defendant was employed whereas Esmaili and Sadat were students. On February 23, 1977, Esmaili discovered that $1,500 worth of travelers checks, the title card to his truck, and his savings passbook were missing from the glove compartment of his Chevrolet Blazer truck. Defendant had access to the truck. On the following day, Esmaili applied for a refund of the travelers checks. The evidence showed that Esmaili had signed the checks at the time of purchase but had not countersigned any of them. These checks were cashed at various places in the Minneapolis-St. Paul area between February 23, 1977 and March 1, 1977. One check was cashed at a department store and the sales clerk there was able to identify defendant as the individual who had signed and presented the travelers check to her.

Three checks were used to pay an installment of a car loan in the name of Semaan. Another check was used to purchase an airline ticket to Chicago, which ticket was issued in Semaan's name. At trial, the handwriting expert testified that the countersignatures on the twenty travelers checks involved in the indictment were written by defendant.

Testimony at trial established that defendant had withdrawn funds from the savings account of Esmaili. The teller was able to identify defendant, and defendant's fingerprints were found on the withdrawal slip.

* The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri, sitting by designation.

On April 19, 1977, an individual, purporting to be Esmaili but later identified as defendant, applied for a loan at the First Southdale Bank of Edina, Minnesota. The individual offered to pledge a Chevrolet Blazer, displaying its title card to the loan officer, as collateral. The loan officer rejected the loan, stating that a guarantor was required. The individual obtained a blank loan obligation form for the guarantor and later returned with a completed application in the name of Philip V. Palmquist. A notarized guaranty signed by Palmquist was also produced. The loan was eventually approved in the amount of $4,500. The handwriting expert testified at trial that defendant had forged Esmaili's signature on the loan application, had completed the guarantor application, and signed the same. Defendant's fingerprints were found on the guarantor application.

Defendant maintained that he had been framed by Esmaili because of religious animosity, and jealousy over defendant's resident alien status. He maintained that Esmaili had signed the travelers checks himself and given them to defendant.

■ Evidence was introduced which showed that defendant had, in 1975, engaged in a double-recovery scheme involving travelers checks. He had purchased $1,000 of travelers checks, made an application for refund one year later, but had in fact countersigned, and presumably cashed, at least seven of the checks. Defendant contends that this evidence was erroneously admitted. Rule 404(b), Federal Rules of Evidence, allows for the introduction of evidence of other crimes or wrongs where admission is sought to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". Here, the evidence "of similar involvement reasonably related to the . . . conduct" which defendant had asserted in defense to the charges herein. *United States v. Maestas*, 554 F.2d 834, 838 (8th Cir. 1977). Esmaili had testified that he had applied for a refund upon discovering that the travelers checks were missing. Defendant testified that Esmaili had in fact signed the travelers checks and given them to defendant for cash. The evidence that defendant had previously engaged in a double-recovery scheme of the exact nature which he claimed Esmaili was engaging in was clearly admissible to show defendant's plan herein.

Our inquiry does not end at this juncture, however; we must also determine whether the probative value of the evidence outweighed its prejudicial impact. Rule 403, Federal Rules of Evidence; *United States v. Maestas, supra.* The standard of review, however, is limited:

> We do not reweigh the value of the material against its potential for harm to the defendant, but determine only whether the district judge abused his discretion in admitting it. *United States v. Derring*, 592 F.2d 1003 at p. 1007 (8th Cir. 1979).

See also *United States v. Bohr*, 581 F.2d 1294 (8th Cir. 1978). Clearly, there was no abuse of discretion herein. Furthermore, any possible prejudicial impact was minimized by the strength of the evidence of guilt.

■ Defendant's remaining contentions warrant little discussion herein. He complains of certain questions propounded by the government, and of a remark made during closing arguments. We are unable to conclude that the remark made during closing arguments was improper. *United States v. Hager*, 505 F.2d 737 (8th Cir. 1974). The lines of questioning pursued by the government with different witnesses were either not improper or were properly cured by the instructions of the district court. In view of the overwhelming evidence of defendant's guilt, it is clear that the effect of these questions was minimal, and any possible prejudice resulting therefrom is insufficient to warrant reversal.

■ The jury instruction given, especially when considered with the other instructions as a whole, gave the substance of the instruction requested by defendant. *United States v. Nance*, 502 F.2d 615 (8th Cir. 1974). Lastly, permitting an answer to the jury's question, which arose during jury deliberation, was not improper. De-

fendant's counsel agreed to the procedure, stated that he had nothing to add, and only after the jury had returned to its deliberation, made it clear that he objected to the propriety of the procedure. This area is committed to the trial court's discretion, *United States v. Rosenberg,* 195 F.2d 583 (2d Cir. 1952); *Henry v. United States,* 204 F.2d 817 (6th Cir. 1953), and we can not conclude that there was an abuse of discretion herein.

The judgment of the district court is affirmed.