UNITED STATES of America, Appellee,

v.

Gaylord Alfred TWO EAGLE, Appellant.

No. 80–1365.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1980.

Decided Oct. 8, 1980.

David L. Zuercher, Asst. U. S. Atty., Pierre, S. D., for appellee.

Richard Tieszen, Pierre, S. D., for appellant.

Before ROSS and STEPHENSON, Circuit Judges, and MURPHY, District Judge.*

* The Honorable DIANA E. MURPHY, United States District Judge for the District of Minnesota, sitting by designation.

ROSS, Circuit Judge.

Gaylord Alfred Two Eagle appeals from the judgment of the district court[1] adjudicating him a juvenile delinquent based on findings that he committed an assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(f).[2] He contends that the district court erred in its admission and consideration of certain evidence. We affirm.

I

On June 6, 1979, at approximately 2 a. m., Vincent Douville was attacked by a lone assailant while stopped in his wife's automobile at a stop sign in Parmalee, South Dakota. The assailant, described by Mr. Douville as a "young kid," entered the car from the passenger's side and dragged Mr. Douville from the vehicle, hitting him and knocking him into a ditch. The assailant struck Douville once again, and then fled in the Douville automobile. Douville suffered a fractured hip from the assault requiring hospitalization.

No scientific evidence was introduced to establish that the defendant had actually driven the car. But the district court credited the testimony of Charlie War Bonnet. War Bonnet testified that the defendant drove a green 1968 Pontiac, later identified as that driven by Mr. Douville on the night of the assault, to the War Bonnet residence, an isolated house 8 or 9 miles from Parmalee, just before dawn on June 6, 1979. The defendant was apprehended and arrested while emerging from the automobile several hours later. At trial, Douville was unable to positively identify his assailant. The defendant presented no evidence on his own behalf.

Two Eagle raises two related issues on appeal. First, he contends that the district court erred in admitting the evidence pertaining to the stolen vehicle. Closely related to this issue is the defendant's contention that the district court improperly inferred that the defendant committed the assault based on his unexplained possession of the victim's car. In effect, this contention challenges the district court's use of circumstantial evidence to prove the identity of the assailant and questions the admissibility and the sufficiency of such evidence to convict.

II

The government offered testimony, received in evidence without objection, that the assailant absconded in the Douville automobile, that the defendant was observed driving the automobile to the War Bonnet residence shortly thereafter, and that the defendant remained in the vehicle until his arrest later that morning. Defendant now challenges the admission of this evidence, claiming that it disclosed evidence of another crime, automobile theft, for which he was not charged.

This court has consistently recognized that acts following the offense charged may be testified to as "integral parts of the offense for which the defendant[s] were charged." *United States v. Gallington*, 488 F.2d 637, 641 (8th Cir. 1973), *cert. denied*, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974). *See also United States v. Derring*, 592 F.2d 1003, 1006–1007 (8th Cir. 1979).

The testimony concerning the car was not evidence of "other crimes" but rather, described an integral part of the very crime for which he was convicted.[3] The testimo-

---

1. The Honorable DONALD J. PORTER, United States District Judge for the District of South Dakota, sitting without a jury.

2. Two Eagle's motion for judgment of acquittal was granted as to a second count charging him with assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(c). Defendant's sentence of three years custody was suspended

and he was placed on probation for a period of three years.

3. In the same vein, another exception to the general rule excluding evidence of other crimes "permits the introduction of evidence of other criminal activity to complete the story of the crime on trial by proving its immediate context or the 'res gestae.'" *See Carter v. United States*, 549 F.2d 77, 78 (8th Cir. 1977), *quoting United States v. Howard*, 504 F.2d 1281, 1284

ny relating to the stolen Douville car and the assault upon Mr. Douville were "so blended or connected * * * that proof of one * * * explains the circumstances" of the other. *United States v. Derring, supra,* 592 F.2d at 1007.

The evidence was also admissible under Fed.R.Evid. 404(b). Rule 404(b) excludes other crimes evidence when used "to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of * * * identity * * *." [4] Here, the theft evidence was introduced to establish the identity of the assailant, and not to prove that the defendant acted in conformance with any particular character trait.

■ Requirements for the admission of other crimes evidence under this rule are well established: [5]

(1) a material issue on which other crimes evidence may be admissible has been raised, *e.g., United States v. Drury,* 582 F.2d 1181, 1184 (8th Cir. 1978); *United States v. Maestas,* 554 F.2d 834, 837 (8th Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977); (2) the proffered evidence is relevant to that issue, *ibid.*; (3) the evidence of the other crimes is clear and convincing, *e.g., United States v. Cobb,* 588 F.2d 607, 612 (8th Cir. 1978), *cert. denied,* 470 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979); *United States v. Drury, supra,* 582 F.2d at 1184; *United States v. Davis,* 551 F.2d 233, 234 (8th Cir.), *cert. denied,* 431 U.S. 923, 97 S.Ct. 2197, 53 L.Ed.2d 237 (1977). In addition, to be admissible on such issues

as intent, knowledge, or plan, the other crimes evidence must relate to wrongdoing "similar in kind and reasonably close in time to the charge at trial." *United States v. Drury, supra,* 582 F.2d at 1184. *See, e. g., United States v. Little,* 562 F.2d 578, 581 (8th Cir. 1977); *United States v. Jardan,* 552 F.2d 216, 219 (8th Cir.), *cert. denied,* 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977). *United States v. Frederickson,* 601 F.2d 1358, 1365 (8th Cir.), *cert. denied,* 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979).

Here, a material issue existed as to the identity of the assailant who attacked the victim and fled in the victim's car. The proffered evidence regarding the defendant's relation to the automobile is clearly relevant to a determination of the assailant's identity. And it is clear that "[e]vidence otherwise relevant does not become irrelevant because it incidentally tends to establish another offense." *Evenson v. United States,* 316 F.2d 94, 96 (8th Cir. 1963). The evidence that the defendant was the assailant who fled in the victim's automobile, while circumstantial, is clear and convincing. We therefore find that this evidence meets the requirements for the admission of other crimes evidence under Rule 404(b) as set forth above.

■ Our inquiry does not end at this juncture; we must also determine whether Fed.R.Evid. 403 should have been invoked to exclude the evidence. Evidence otherwise admissible under Rule 404(b) may be excluded, under Fed.R.Evid. 403, "if its probative value is substantially outweighed by the danger of unfair prejudice * * *."

(8th Cir. 1974), and cases cited therein. Although somewhat removed in time and place from the scene of the crime, defendant's arrival at a residence 8 to 9 miles from the scene of the assault in the victim's stolen automobile, shortly before dawn on the morning of the assault, does tend to place the events of that evening in context. As such, this evidence completes the story of the crime.

4. Fed.R.Evid. 404(b), in its entirety, provides:
   (b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

5. These requirements, valid before the 1975 adoption of the Federal Rules of Evidence, remain valid now. *United States v. Frederickson,* 601 F.2d 1358, 1365 n.9 (8th Cir.), *cert. denied,* 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979). *See also United States v. Robbins,* 613 F.2d 688, 694 (8th Cir. 1979).

*See, e. g., United States v. Seamaan,* 594 F.2d 1215, 1217 (8th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2413, 60 L.Ed.2d 1070 (1979). Giving due deference to the district judge who saw and heard the evidence, *United States v. Maestas,* 554 F.2d 834, 836 (8th Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977), we cannot say that the district court abused its discretion in determining that the prejudicial impact of the challenged evidence relating to the theft of the victim's automobile did not substantially outweigh its probative value. Moreover, the other evidence of identity was not so strong that resort to evidence of the defendant's presence in the vehicle was unnecessary and unfairly prejudicial. *Cf. United States v. Bohr,* 581 F.2d 1294, 1299 (8th Cir.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978).

### III

Two Eagle next claims that the district court improperly inferred that he committed the assault based upon his unexplained possession of the victim's automobile.[6] This was not the only evidence adduced at trial, however, from which the court could have inferred that the defendant was the assailant. Much of the evidence presented in this case related to the timing and location of the crime and the victim's description of the assailant, as well as the defendant's possession of the car. In evidence was the description of the defendant, at the time of the assault, as a 5 foot 6 inch sixteen–year old Indian male weighing 146 pounds. He admitted, in an interview with an FBI agent, that he had been in Parmalee, South Dakota on the night of the assault. The defendant was apprehended while getting out of the victim's automobile. Thus, the evidence established that an assailant, fitting the defendant's description, fled in the victim's car in the early morning in a sparsely populated locale which the defendant admittedly was in on the night of the assault. Defendant's unexplained possession of the car, coupled with the other evidence adduced at trial, buttresses the inference that he committed the assault upon Mr. Douville.

▋ A conviction may rest solely on circumstantial evidence, such as that presented in this case. *United States v. Young,* 568 F.2d 588, 589 (8th Cir. 1978); *United States v. Carlson,* 547 F.2d 1346, 1360 (8th Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977). Such evidence is "intrinsically as probative as direct evidence," *United States v. Taylor,* 599 F.2d 832, 838 (8th Cir. 1979), and accordingly, is considered under the standard for determining the sufficiency of direct evidence. *Durns v. United States,* 562 F.2d 542, 546 (8th Cir.), *cert. denied,* 434 U.S. 959, 98 S.Ct. 490, 54 L.Ed.2d 319 (1977).

▋ Viewing the evidence in the light most favorable to the verdict rendered, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and, as discussed above, accepting all reasonable inferences from the evidence which tend to support the verdict, *United States v. Overshon,* 494 F.2d 894, 896 (8th Cir.), *cert. denied,* 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974), we conclude that the evidence in this case was sufficient to warrant a verdict of guilty and that the district court did not improperly infer commission of the assault based solely upon the defendant's unexplained possession of the victim's automobile.

Accordingly, the judgment of the district court is affirmed.

---

6. The district court cited *Barnes v. United States,* 412 U.S. 837, 845, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973), for the proposition that "[e]vidence of a defendant's recent, unexplained possession of stolen property gives rise to a permissible inference that he participated in the theft." *United States v. Two Eagle,* No. 79-30026–01, Mem.Op. at 4 (filed March 20, 1980). *Barnes,* however, merely established that unexplained possession of recently stolen treasury checks could support the inference, suggested in an instruction, that the defendant *knew* that the checks were stolen. Knowledge was an essential element of the crime charged in *Barnes.* This does not detract from our conclusion that the circumstantial evidence presented in the instant case was sufficient to support the conviction.