**UNITED STATES of America, Appellee,**

**v.**

**Cletus Charles FOOTE, Appellant.**

**No. 80–1281.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1980.

Decided Nov. 19, 1980.

David Garcia, Devils Lake, N. D., for appellant.

Herbert A. Becker, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and MURPHY,* District Judge.

ROSS, Circuit Judge.

Cletus Charles Foote appeals his conviction on eleven counts of knowingly and wilfully misapplying funds of an Indian tribal organization in violation of 18 U.S.C. § 1163. Appellant argues that the district court[1] erred in allowing evidence to be introduced regarding other alleged crimes, wrongs or acts and erred in failing to dismiss the allegedly defective indictment. We affirm.

Cletus Charles Foote, appellant, served from 1974 until January 1979 as director of Little Hoop Community College, a tribal organization created by Devils Lake Sioux Indian Tribe. On November 27, 1979, appellant was indicted on fourteen counts[2] of knowingly and wilfully misapplying funds of the Devils Lake Sioux Tribe. Twelve counts involved checks which had been written on the college's foundation fund account from January 14, 1976, through December 20, 1978. Two counts involved checks received by appellant from the Devils Lake Sioux Tribe for travel expenses.

At trial the government offered evidence that (1) appellant signed board members' names on foundation fund checks without authorization and did not apply the monies toward college expenditures; (2) appellant obtained the signatures of board members on checks and did not apply the monies received to college expenditures; and (3) appellant received travel expenses for the same trip from more than one organization.

Appellant's defense involved showing that (1) he was authorized to sign board members' names to foundation fund checks;

* The Honorable DIANA E. MURPHY, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable RONALD N. DAVIES, Senior United States District Judge for the District of North Dakota.

2. Count 2 of the indictment was dismissed prior to trial upon the motion of the government.

3. Fed.R.Evid. 404(b), in its entirety, provides:

(2) the monies were used for college expenditures or to reimburse appellant for his use of personal funds for college business.

## I. Evidence of Other Crimes, Wrongs, or Acts.

■ Appellant raises as error the introduction by the government of evidence regarding seven "other crimes, wrongs or acts" which should have been excluded, under Rule 404(b)[3] of the Federal Rules of Evidence. Although defense counsel objected to some of the seven items of evidence, a review of the trial transcript does not reveal any objections to this evidence which, even if construed liberally, would constitute an "other crimes evidence" objection. See Fed.R.Crim.P. 51. Based on the absence of specific objections, we, therefore, review the admission of the seven items of evidence under a "plain error" standard. Fed.R.Crim.P. 52(b).

Additionally, only one of the seven items was addressed during the government's case, the balance were brought forth during cross-examination of appellant and rebuttal. Furthermore, some of the "other crimes" evidence is, in fact, proper impeachment testimony.

The standards for the admission of other crimes evidence were set out in *United States v. Frederickson*, 601 F.2d 1358, 1365 (8th Cir.), *cert. denied*, 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979).

(1) a material issue on which other crimes evidence may be admissible has been raised, e. g., *United States v. Drury*, 582 F.2d 1181, 1184 (8th Cir. 1978); *United States v. Maestas*, 554 F.2d 834, 837 (8th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977); (2) the prof-

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

fered evidence is relevant to that issue, *ibid.*; (3) the evidence of the other crimes is clear and convincing, *e. g., United States v. Cobb,* 588 F.2d 607, 612 (8th Cir. 1978), *cert. denied,* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979); *United States v. Drury, supra,* 582 F.2d at 1184; *United States v. Davis,* 551 F.2d 233, 234 (8th Cir.), *cert. denied,* 431 U.S. 923, 97 S.Ct. 2197, 53 L.Ed.2d 237 (1977). In addition, to be admissible on such issues as intent, knowledge, or plan, the other crimes evidence must relate to wrongdoing "similar in kind and reasonably close in time to the charge at trial." *United States v. Drury, supra,* 582 F.2d at 1184. *See, e. g., United States v. Little,* 562 F.2d 578, 581 (8th Cir. 1977); *United States v. Jardan,* 552 F.2d 216, 219 (8th Cir.), *cert. denied,* 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977).

*A. Admissions of Previous Misuse.*

First, the appellant alleges error in the admission of testimony regarding his prior misuse of the college's checking account. Three witnesses testified that in late 1975 the Tribal Council held a meeting regarding appellant's use of the college's funds. One of the witnesses was a member of the board of directors, and she testified that appellant admitted to her that he had written checks on the school's account for his own personal use. Another board member testified that appellant admitted to her that he had spent college funds without authorization. The third witness testified that he had been present at the meeting and appellant apologized to the Tribal Council for misusing the check fund. Members of the board of directors testified that after the 1975 meeting Mr. Foote was retained as the college's director because of his assurances that the misuse would not reoccur.

Examining the proffered evidence under the standards set forth in *United States v. Frederickson, supra,* we cannot say the admission of this evidence amounted to plain error. The government offered the testimony regarding the 1975 meeting *after* defense counsel had vigorously cross-examined other board members on the issue of whether they had authorized Mr. Foote to sign their names to foundation fund checks. Additionally, the government was required under 18 U.S.C. § 1163 to show that the misapplication of funds was wilful. *See United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974). Thus, a material issue had been raised on which the other crimes evidence was admissible. Additionally, the prior admission of misuse of college funds by Mr. Foote was clearly relevant to show knowledge, plan or lack of mistake and related to similar wrongdoing which was "reasonably close in time to the charge at trial." *United States v. Frederickson, supra,* 601 F.2d at 1365.

We also find that "the evidence of the other crime was clear and convincing." *Id.* at 1365. Had the government only attempted to show that Mr. Foote had previously been "called on the carpet" for his check writing, we might be faced with "mere accusations of some other offense" as in *Kraft v. United States,* 238 F.2d 794, 802 (8th Cir. 1956). Here, however, three witnesses testified that appellant admitted prior misuse of college funds and "[s]uch an admission, if made directly, is clear and convincing proof of his participation." *United States v. Davis,* 551 F.2d 233, 235 (8th Cir.), *cert. denied,* 431 U.S. 923, 97 S.Ct. 2197, 53 L.Ed.2d 237 (1977). And we also find that the probative value of this evidence outweighed its prejudicial impact under Fed.R.Evid. 403.

*B. Travel Checks.*

The next "other crimes" evidence appellant challenges is the government's introduction of two foundation fund checks which appellant alleges are unrelated to any of the counts of the indictment. The two checks in contention were introduced during cross-examination of Mr. Foote. The checks were payable to Mr. Foote and each contained a memo which indicated "travel."

The government, as noted earlier, sought to prove that Mr. Foote had received travel

reimbursement for the same trip from more than once source. Mr. Foote testified that he had traveled to Washington, D. C. on college business on December 5, 1977, and returned December 9, 1977. The government during their case in chief, established that Mr. Foote received the following sums for travel expenses:

| Source | Date | Amount | |
|--------|------|--------|--|
| College's Foundation Fund | 12/5/77 | $250.00 | (Count 6) |
| Devils Lake Sioux Indian Tribe | 12/5/77 | 303.75 | (Count 5) |
| Devils Lake Sioux Indian Tribe | 12/13/77 | 53.75 | (Count 4) |
| Lake Region Junior College (Title III) | 12/7/77 | 363.25 | |
| Lake Region Junior College (Title III) | 11/28/77 | 285.00 | |

Board members testified that although their names appeared on the $250 foundation fund check which was payable to Mr. Foote, they had not signed or authorized the check. The evidence also established that Mr. Foote had submitted the same hotel bill to both the Tribe and Lake Region Junior College following the Washington trip.

On cross–examination the appellant admitted receiving the above–mentioned travel expenses from the Tribe and Lake Region Junior College. Mr. Foote also testified that the Tribe had prepaid his air fare. However, Mr. Foote testified that the $250 check drawn on the foundation fund had been reimbursement for travel on a prior trip. The government then questioned Mr. Foote regarding the two additional checks objected to here. These checks were both drawn on the foundation fund and made payable to Charles Foote with a memo notation indicating "travel." The first check was dated November 29, 1977, and was for $250. The second check was dated December 12, 1977, and was for $175. Mr. Foote testified that he did not remember either check and could not remember endorsing them.

The evidence regarding additional "travel" checks being drawn on the foundation fund was admissible on the issue of double (and triple) billing of the trip. "Evidence of similar acts is admissible where there is a genuine issue as to intent, pre-conceived plan, or absence of mistake or accident." *United States v. Young*, 618 F.2d 1281, 1289 (8th Cir. 1980). Additionally, under Fed.R. Evid. 403, we cannot say that the probative value of this evidence was outweighed by its prejudice so as to constitute plain error.

*C. Deposit of Rent Checks.*

The appellant also objects to the introduction of two rent checks and their attached deposit slips. The checks were from Lake Region Junior College, each for $500, and were payable to the Devils Lake Sioux Tribe. The checks were deposited into the foundation fund account on December 5, 1977, and January 5, 1978. Mr. Foote could not recall making the deposits or whether it was his writing or signature on the deposit slips.

The deposit slips and checks constituted proper impeachment of appellant. On direct, Mr. Foote testified that he had deposited his own monies into the foundation fund. Mr. Foote on cross–examination, stated that he could not recall whether he had the check book for the foundation fund on December 5, 1977, when the $250 travel check was written. The deposit evidence contradicted Mr. Foote's testimony and was relevant to his knowledge and control of the foundation fund account during the crucial time period of December 1977 through January 1978. During this time period not only was the $250 travel check written but also checks which constituted Counts 7, 8, 9, 10 and 14 of the indictment. Although the government attempted to show that the deposits themselves were improper, we note that " '[e]vidence otherwise relevant does not become irrelevant because it incidentally tends to establish another offense.' " *United States v. Two Eagle*, 633 F.2d 93 at 96, (8th Cir. 1980), *citing Evenson v. United States*, 316 F.2d 94, 96 (8th Cir. 1963).

### D. The Christmas Party.

Mr. Foote also objects to evidence concerning a college Christmas party. A witness testified on rebuttal that there had been sufficient funds collected at the door to pay the band at the Christmas party. The witness said that she gave the money to Mr. Foote but a check was written to the band for $200. The witness testified that the $200 check had bounced and had not been paid at the time of trial. This testimony was proper impeachment of Mr. Foote's previous testimony on direct examination. Mr. Foote had testified that some of the money he had received from the $600 foundation fund check which related to Count 1, was used to reimburse himself for expenditures of his own personal funds. Mr. Foote testified that one of those expenditures was for $200 that he had paid the Christmas party's band "out of my own pocket."

### E. Other Checks.

The last two items of evidence which appellant raises as error relate to foundation fund checks which bounced. The appellant was cross-examined regarding two instances when insufficient fund checks were allegedly written to pay for a horse purchase and a consultation fee. A rebuttal witness testified briefly concerning these incidents. The witness's testimony regarding the horse purchase was essentially hearsay. However, defense counsel specifically refused to object to the hearsay testimony and the trial judge, on his own motion, instructed the government to eliminate the hearsay testimony.

This evidence does not meet the requirements of *United States v. Frederickson* for admittance under Rule 404(b) because it is not "clear and convincing." *Id.* at 1365. However, we find that any error in the admittance of this evidence was harmless, in view of the strength of the evidence of guilt.

### II. The Indictment.

█ Appellant argues that the indictment which was served on him did not contain Count 14 of the indictment. Count 14 was charged on page 4 of the indictment and that page also contained the signatures of the grand jury foreman and the United States Attorney. At arraignment, the appellant personally waived the reading of the indictment and he personally indicated that he understood the charges in the indictment. At the arraignment Mr. Foote was represented by one of the two attorneys who later represented him at trial.

The trial transcript reveals that defense counsel did not move to dismiss the allegedly defective indictment. In fact, no mention is made of the defect until the close of the government's case. By this time, defense counsel had thoroughly cross-examined the witnesses relating to the count. Most importantly, the jury acquitted Mr. Foote on Count 14.

First, we agree with the government that it is hard to believe that defense counsel at arraignment did not notice the *total absence* of a signature page on the indictment. Secondly, defense counsel had been given the complete government file on the case *prior to arraignment.* And providing defense counsel with the indictment is the equivalent of providing it to the defendant. *See United States v. Clark*, 407 F.2d 1336, 1337 (4th Cir. 1969). Additionally, no offer of proof was made regarding appellant's and defense counsel's "unawareness" of Count 14.

While we recognize that appellant argues that his sixth amendment rights were violated, the acquittal on Count 14 essentially negates any argument that appellant was prejudiced. It might be argued that requiring appellant to defend against Count 14 is prejudice in and of itself. However, in view of the minimal amount of trial time spent on Count 14, we would hold such error to be harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

Judgment affirmed.